# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

CARLOS A. PARADA,

Debtor.

Case No. 12-16196-RGM
(Chapter 7)

### MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the United States Trustee's motion to dismiss the case for failure to timely obtain credit counseling as required by §109(h) of the Bankruptcy Code. This case was filed on October 16, 2012. The Certificate of Counseling recites that the credit counseling was completed the following day.[1] Counsel, properly acknowledging that he is responsible for the manner in which his staff handles bankruptcy filings, stated that a staff member had inadvertently filed the petition prematurely and that he has taken appropriate measures to assure that this oversight does not occur again. The court accepts counsel's explanation and assurance but notes that he must personally sign each petition and is responsible for assuring that the petition is complete and in proper order before it is given to a staff member to file. The debtor consents to dismissal as requested by the Untied States Trustee.

The remaining question is counsel's fee. He was paid $1,400, prepared the schedules and statements, attended the first meeting of creditors and attended court on the Untied States Trustee's motion. The court notes that if the debtor files a second petition, most of the work to complete the schedules and statements has been done. It will be necessary to interview the debtor to update the

---

[1] The Certificate was filed on October 17, 2012, two hours after the credit counseling was completed.

1

schedules and statements and make all appropriate changes. He will also have to attend a second §341 meeting of creditors. In light of the fact that this case was dismissed without achieving the debtor's objective because of counsel's oversight and that the additional work will likely be minimal, any second filing will be without further expense to the debtor, if requested by the debtor within a reasonable time. In addition, counsel will be responsible for the filing fee. A reasonable time is within 180 days after the date of the Certificate of Counseling, that is, April 16, 2013. After that date, the debtor must take a new counseling course. If the debtor does not request counsel to file a new petition and does not retain another attorney to file it on or before April 16, 2013, counsel will have earned half of the fee and shall promptly refund to the debtor the other half of the fee plus the filing fee. If the debtor retains a different attorney on or before April 16, 2013 to file a bankruptcy petition, counsel shall promptly refund the entire fee and the filing fee to the debtor.

Upon consideration of which, it is

**ORDERED** that:

1. This case is dismissed without prejudice.

2. If requested by the debtor on or before April 16, 2013, counsel will file a new petition and represent the debtor in the new case without further expense to the debtor. In addition, counsel shall pay the filing fee. If the debtor does not request counsel to file a new petition and does not retain another attorney to file it on or before April 16, 2013, counsel will have earned half of the fee and shall promptly refund to the debtor the other half of the fee plus the filing fee. If the debtor retains a new different attorney on or before April 16, 2013 to file a bankruptcy petition, counsel shall promptly refund the entire fee and filing fee.

3. Counsel shall promptly advise the debtor in writing of the dismissal of the case and the

provisions with respect to a second filing.

    4. The clerk will give all creditors and parties in interest notice of the dismissal of this case.

DONE at Alexandria, Virginia, this 13th day of February, 2013.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Intak Lee
Donald F. King

Copy mailed to:

Carlos A. Parada
125 Yale Drive
Alexandria, Virginia 22314

18295